NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMA MARICELA DE PAZ-MACHADO; ALVARO ALEXI BERDOMO-DE PAZ; JUSTIN ESAU BERDOMO-DE PAZ,<br><br>    Petitioners,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>    Respondent. | No. 23-2549<br><br>Agency Nos.<br>A206-880-185<br>A206-880-186<br>A206-880-187<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2025[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Petitioner Norma Maricela De Paz-Machado and her two sons (derivative beneficiaries pursuant to 8 U.S.C. § 1158(b)(3)), natives and citizens of El

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Salvador, seek review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

When, as here, the BIA affirms an IJ's decision without an opinion, we treat the IJ's decision as the final agency action. *See Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023). We review the agency's factual findings for substantial evidence and must uphold them unless the evidence compels a contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We review legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

1. Substantial evidence supports the agency's conclusion that De Paz-Machado failed to establish a nexus between any past or feared harm and a protected ground. The IJ found De Paz-Machado credible in describing her encounters with members of the 18th Street gang. But, the IJ found that the gang's interest in confronting De Paz-Machado was to locate her partner and not in harming her because of her membership in a particular social group ("PSG") of "women in El Salvador." The IJ also concluded that De Paz-Machado did not tie

any fears of future harm to this proposed PSG. The record does not compel a contrary conclusion, and the lack of nexus defeats De Paz-Machado's claims for asylum and withholding. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (noting that where "the agency concludes that the petitioner has not shown *any* nexus whatsoever, then the petitioner fails to establish" eligibility "for both asylum and withholding").

2. Substantial evidence also supports the agency's conclusion that De Paz-Machado did not establish eligibility for CAT relief. *See* 8 C.F.R. § 1208.16(c)(2) (requiring that "it is more likely than not" that torture will occur upon removal of the applicant). The agency determined that De Paz-Machado had not demonstrated past torture, "ordinarily the principal factor" in assessing whether an applicant will likely experience future torture. *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005). Moreover, the generalized country conditions evidence De Paz-Machado presented regarding the underenforcement of crimes against women does not compel the conclusion that government officials would acquiesce in her future torture. "[E]vidence that a government has been generally ineffective in preventing or investigating criminal activities" does not "raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). And here, the IJ noted that the

country report also contained evidence that government officials were "taking steps to prosecute impunity that still exists in El Salvador."

The petition for review is **DENIED**. The stay of removal shall dissolve on the issuance of the mandate.